**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RONNIE BARTON,

        Plaintiff,

v.                                                Case No. 6:16-cv-1410-Orl-37KRS

HURRICANE ASSOCIATES, LLC; and
NATIONAL FREIGHT, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion to Remand (Doc. 5), filed August 11, 2016;

2. Defendants' Response and Incorporated Memorandum of Law in Opposition to Plaintiff's Motion for Remand (Doc. 6), filed August 15, 2016; and

3. Codefendant Hurricane Associates, LLC's Response to Order to Show Cause Dated August 17, 2016 (Doc. 11), filed August 26, 2016.

**BACKGROUND**

Contending that she suffered permanent injury and damages in a slip and fall accident ("**Accident**") while she was an invitee at real property owned by Hurricane Associates, LLC ("**HAL**"), Ronnie Barton ("**Plaintiff**") initiated an action against HAL and National Freight, Inc. ("**NFI**") in the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court**")—case number 16-003836-CA ("**State Action**"). (*See* Doc. 2.) HAL and NFI ("**Defendants**") received service of process in the State Action on **May 16, 2016**. (Doc. 1, ¶ 2; Doc. 5, p. 1.)

According to Plaintiff's Complaint in the State Action ("**State Complaint**"), her damages—including "a significant injury to his leg" and resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life"—exceed **$15,000.00**. (Doc. 2, ¶¶ 4, 8, 13.) In relation to discovery requests from Defendants concerning the amount-in-controversy ("**AIC**"), on **July 1, 2016**, Plaintiff's counsel sent an e-mail to Defendant's counsel ("**July E-Mail**"), which advised that it "will be no secret that we believe our claim has a value in excess of $75,000, since the medical bills have exceeded that amount." (Doc. 5-1.) Consistent with the July E-Mail, on **July 7, 2016**, Plaintiff produced discovery to Defendants on **July 7** and **July 17** ("**Discovery**"), which confirmed that AIC in the State Action exceeds $75,000.00. (*See* Doc. 1, ¶¶ 4, 5; *see also* Docs. 1-4, 1-5.)

On **August 8, 2016**, Defendants removed the State Action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. (Doc. 1 ("**Notice**").) Arguing that Defendants Notice was untimely, Plaintiff moved to remand. (*See* Doc. 5 ("Remand Motion").) Defendants responded in opposition to the Remand Motion (Doc. 6 ("**First Response**")) and to an Order to Show Cause (Doc. 7). (Doc. 11 ("**Second Response**").) The matter is now ripe for adjudication.

## STANDARDS

This Court may exercise diversity jurisdiction in actions where the AIC "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1) (2015). If a state court action could have been initiated in federal court based on diversity jurisdiction, then the defendant may remove to federal court. *See* 28 U.S.C. §§ 1441(a), 1446(c) (2015). Based on the

removing documents, the defendant must establish by a preponderance of the evidence that the parties are diverse and the AIC is met. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Devore v. Howmedics Osteonics Corp.*, 658 F.Supp.2d 1372, 1379 (M.D. Fla. 2009). If the defendant fails to do so, then the Court must remand. *See Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Within thirty days of removal, a plaintiff may move to remand based on any procedural defects in the removal—including untimeliness. *See* 28 U.S.C. § 1447(c); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). The deadline to remove an action from state court is "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable," then the deadline to remove is 30 days after the defendant receives "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Such deadlines "must be strictly applied." *See Bankston v. Ill. Nat'l Ins. Co.*, 43 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006); *see also Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

## DISCUSSION

According to Defendants, this Court should not remand because: (1) the July E-Mail was inadequate to trigger the 30-day clock to file the Notice (Doc. 6); (2) Defendants did not have sufficient notice of the AIC until its receipt of the Discovery (*see id.*); and (3) none of HAL's individual members are citizens of Florida (*see* Doc. 11). Upon review of the record and based on a strict application of the removal requirements,

the Court agrees with Plaintiff that the Notice was filed more than a week after the deadline set forth in 28 U.S.C. § 1446(b)(1). Specifically, viewed in context, the July E-Mail was an "other paper from which" Defendant could have ascertained that the case was one which had "become removable." 28 U.S.C. § 1446(b)(3). Accordingly, this action is due to be remanded to the State Court.[1]

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 5) is **GRANTED**.

(2) The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

---

[1] Because it appears that Defendant's arguments for removal were made in good faith—particularly its arguments concerning damages related to the Bad Faith Statute—the Court declines to order that Defendant pay Plaintiff's attorney fees in accordance with 28 U.S.C. § 1447(c).

5

Counsel of Record

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

Case 6:16-cv-01410-RBD-KRS   Document 24   Filed 10/20/16   Page 5 of 5 PageID 160